WR-71,401-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/24/2015 11:26:00 AM
Accepted 7/24/2015 11:30:19 AM
ABEL ACOSTA
CLERK

# IN THE TEXAS COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
7/24/2015
ABEL ACOSTA, CLERK

|  |  |  |
|---|---|---|
| **EX PARTE** | ) | **Writ No.** |
| **JUAN RAUL** | ) | **WR-71,401-01** |
| **NAVARRO-RAMIREZ,** | ) | |
| **APPLICANT** | ) | |
| | ) | |
| | ) | |

## APPLICANT'S MOTION TO DECLARE HIS INITIAL APPLICATION FOR WRIT OF HABEAS CORPUS TIMELY FILED AS OF APRIL 18, 2007

JEREMY SCHEPERS (No. 24084578)
(Email: Jeremy.Schepers@ocw.texas.gov)
ERIN ECKHOFF (No. 24090910)
(E-Mail: Erin.Eckhoff@ocw.texas.gov)
Post-Conviction Attorneys
Office of Capital Writs
1700 N. Congress Ave., Suite 460
Austin, Texas 78701
(512) 463-8600
(512) 463-8590 (fax)

Attorneys for Applicant

## IN THE TEXAS COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

|  |  |
|---|---|
| **EX PARTE** ) <br> **JUAN RAUL** ) <br> **NAVARRO-RAMIREZ,** ) <br> **APPLICANT** ) <br> ) <br> ) | **Writ No.** <br> **WR-71,401-01** |

## APPLICANT'S MOTION TO DECLARE HIS INITIAL APPLICATION FOR WRIT OF HABEAS CORPUS TIMELY FILED AS OF APRIL 18, 2007

Juan Raul Navarro-Ramirez ("Ramirez"), by and through his attorneys, the Office of Capital Writs ("OCW"), respectfully requests that this Court order his previously filed initial application to be considered timely filed as of April 18, 2007. Doing so will preserve Ramirez's ability to pursue federal remedies if this Court denies relief on his initial application. Further, it prevents Ramirez from suffering harm from his prior counsel's failure to timely file his initial application pursuant to the mandates of Article 11.071 of the Texas Code of Criminal Procedure.

### A. Statement of Facts

Ramirez is confined under a sentence of death pursuant to the judgment of the 370th District Court, Hidalgo County, Texas, case number CR-0551-04-G, which

1

was entered on December 22, 2004. (2 CR at 591-98.)[1] On direct appeal, this Court granted relief on one count of Ramirez's conviction as violating double jeopardy and affirmed the judgment of a second count. *Ramirez v. State*, 2007 WL 4375936 (Tex. Crim. App. Dec. 12, 2007) (unpublished). The Supreme Court denied Ramirez's petition for writ of certiorari on October 6, 2008. *Navarro-Ramirez v. Texas*, 555 U.S. 831 (2008).

The trial court appointed David Sergi to represent Ramirez in filing an initial application for a writ of habeas corpus on December 22, 2004. (2 CR at 599.) Because the State's Answer on direct appeal was filed on December 4, 2006, Ramirez's initial application was due on January 18, 2007. The trial court granted Mr. Sergi three extensions to file, two of which were not authorized under Article 11.071. *Ex parte Juan Raul Navarro Ramirez*, No. AP-75,167 (Tex. Crim. App. July 7, 2008) (per curiam) (unpublished). On August 15, 2007, after an initial application was not filed, the trial court held a hearing on Ramirez's pro se motion to remove Mr. Sergi as writ counsel. *Id.* This request was granted by the trial court "for reasons unrelated to [Mr. Sergi's] failure to timely file an application." *Id.* This Court ordered Mr. Sergi to file an affidavit with reasons showing good cause for his failure to timely file the initial application. *Id.* On July 7, 2008, having not yet received an affidavit from Mr. Sergi, this Court found him in contempt. *Id.* It

---

[1] "CR" refers to the Clerk's Record in Ramirez's trial.

2

imposed a $500 fine, ordered him to return any attorney's fees that were paid to him for work on Ramirez's case, and forwarded a copy of the order to the Chief Disciplinary Officer at the State Bar of Texas. *Id.* On the same date, Paul Mansur was appointed to represent Ramirez and to file an initial application in the trial court within 270 days. *Id.*

After receiving one ninety day extension, Mr. Mansur filed Ramirez's initial application on July 9, 2009. The State's Answer to that application was filed on September 7, 2012. After Mr. Mansur was unable to continue his representation of Ramirez, the trial court appointed the Office of Capital Writs ("OCW") to represent Ramirez in his state post-conviction litigation on November 9, 2012. The trial court held a live evidentiary hearing on November 3 and 4, 2014, on the issues raised in the initial application. On January 20, 2015, the trial court adopted the State's Proposed Findings of Fact and Conclusions of Law verbatim and recommended that relief be denied. On February 9, 2015, Ramirez filed objections to those findings with this Court. Ramirez's initial application remains pending before this Court.

## B. Prior Counsel's Actions Have Severely Compromised Ramirez's Ability to Seek Federal Review

If this Court were to deny relief on Ramirez's Initial Application, prior post-conviction counsel's actions have left Ramirez less than three months in which to file a petition seeking federal habeas corpus relief. The Antiterrorism and Effective Death Penalty Act provides for federal habeas writ applications a one-year period of

3

limitation that runs from "the latest of the date on which the judgment became final by the conclusion of direct review or the date of the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Federal law also calls for "a properly filed application for State post-conviction or other collateral review" to toll the time limitation to file for federal habeas relief. *Id.* at (d)(2). Ramirez's one year limitations period began on October 6, 2008, when the Supreme Court denied his petition for writ of certiorari on direct appeal. It continued to run until July 9, 2009, when Mr. Mansur filed Ramirez's initial application, which leaves Ramirez with only eighty-nine days in which to file his federal petition.[2]

## C. Ramirez's Initial Application Should be Considered Timely Filed as of April 18, 2007

Ramirez, through no fault of his own, is at risk for losing over nine months of time for filing his petition in federal court. This will significantly compromise and limit his ability to seek federal review, particularly in light of the voluminous nature of the proceedings and filings during his state court proceedings. As outlined above, Mr. Sergi failed to timely file Ramirez's initial application on April 18, 2007—the date that it was due following the granting of one ninety day extension, as authorized by statute. *See* TEX. CODE CRIM. PROC. art. 11.071 § 4(b). Ramirez asks that his

---

[2] Ramirez's federal counsel will not have the entirety of this time to work on his petition. A possibly significant amount of time will be lost until the federal district court actually appoints an attorney for Ramirez.

4

subsequently filed initial application be considered timely filed as of that date. To do otherwise would unfairly punish Ramirez for his prior attorney's actions—actions that this court deemed worthy of a contempt order, fines, and repayment of attorney's fees.

Respectfully submitted,

DATED:     July 24, 2015                    By _____
                                                    JEREMY SCHEPERS

# IN THE TEXAS COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

|  |  |  |
|---|---|---|
| **EX PARTE** | ) | **Writ No.** |
| **JUAN RAUL** | ) | **WR-71,401-01** |
| **NAVARRO-RAMIREZ,** | ) | |
| **APPLICANT** | ) | |
|  | ) | |
|  | ) | |

## ORDER

This Court grants this motion and orders that Ramirez's initial application for writ of habeas corpus will be considered timely filed as of April 18, 2007.

ORDERED AND SIGNED on this _____ day of July, 2015.

_____

Judge

6

# CERTIFICATE OF SERVICE

I, the undersigned, declare and certify that I have served the foregoing Applicant's Motion to Declare his Initial Application for Writ of Habeas Corpus Timely Filed as of April 18, 2007 upon:

Court of Criminal Appeals
P.O. Box 112308
Austin, Texas 78711
(Original by e-File)

Hidalgo County District Attorney
Ted Hake, Asst. Crim. D.A.
100 N. Closner Blvd.
Edinburg, TX 78539

Juan Ramirez
TDCJ # 999490
TDCJ Polunsky Unit
3872 FM 350 South
Livingston, TX 77351

This certification is executed on July 24, 2015, at Austin, Texas.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
JEREMY SCHEPERS

7